582 So.2d 262 (1991)
Russell A. REDMOND, Individually and Russell Redmond Monument Co., Inc.
v.
Father Malachy McCOOL, the Congregation of the Sacred Heart Church of Jesus Roman Catholic Church, and the Roman Catholic Church of the Diocese of Houma-Thibodaux.
No. 90 CA 0168.
Court of Appeal of Louisiana, First Circuit.
May 16, 1991.
*263 J. Louis Watkins, III, Houma, for plaintiff and appellant, Russell A. Redmond.
Kenneth Watkins, Houma, for defendants and appellees, Father McCool, et al.
Before SAVOIE, CRAIN and FOIL, JJ.
CRAIN, Judge.
Russell A. Redmond is the owner of Russell Redmond Monument Co., Inc. (Monument Company), which constructs tombs and vaults, overlays them with granite or marble, inscribes markers, installs vases, and opens and closes vaults and crypts. The Monument Company is an established firm located in Houma which services cemeteries throughout the area. Among the various cemeteries which the Monument Company served were Sacred Heart Cemetery and Dugas Cemetery in the Montegut area.
On October 23, 1986, several employees of the Monument Company were installing a vase on the door of a crypt in a mausoleum in Sacred Heart Cemetery. The installation was performed at the request of the crypt owner. Father Malachy McCool, pastor of Sacred Heart of Jesus Roman Catholic Church (Sacred Heart Church) spoke to the workers briefly. Father McCool, as pastor of the church, is also the Director of Dugas and Sacred Heart Cemeteries and had recently established new procedures with which contractors were to comply in order to perform any work in the two cemeteries. The contractors were no longer to contract directly with the family. Instead, the family was to contract with the church or cemetery through Father McCool, who in turn contracted with the contractors. The Monument Company was to invoice the church, which in turn added a fee and invoiced the family for the work performed. Additionally, contractors were to notify the pastor or cemetery committee prior to entering the cemetery to perform any work in the cemetery.
By letter dated October 27, 1986, addressed to Mr. Redmond, as owner of the *264 Monument Company, Father McCool chastised Mr. Redmond for his failure to follow proper procedures in working in Sacred Heart Cemetery and accused his employees of theft by the unauthorized use of church or cemetery utilities. A copy of the letter was sent to the Diocesan Office of Cemeteries. Additionally, in the November 2, 1986, Sacred Heart Church bulletin, Father McCool informed the parishioners that the Monument Company was forbidden to perform any work at Sacred Heart and Dugas Cemeteries because of the Monument Company's failure to comply with established policies and procedure and because of its unauthorized use of electrical utilities. The bulletin is mailed to the approximately 362 families of Sacred Heart Church Parish.
Mr. Redmond learned of the contents of the bulletin and instituted an action for defamation against Father McCool, the Congregation of the Sacred Heart of Jesus Roman Catholic Church, and the Roman Catholic Church of the Diocese of Houma-Thibodaux (Diocese of Houma-Thibodaux).
The Diocese of Houma-Thibodaux was subsequently dismissed from this action. After trial on the merits, judgment was rendered in favor of defendants. From this judgment, plaintiffs appeal, alleging as error: (1) the trial court's dismissal of the Congregation of the Sacred Heart of Jesus Roman Catholic Church; (2) the trial court's determination that plaintiffs were required to prove malice; (3) the trial court's determination that plaintiffs had not proven malice; and (4) the trial court's determination that the October 27, 1986, letter was a privileged communication.

PRIVILEGED COMMUNICATION
The two alleged acts of defamation are the letter sent by McCool to Redmond and the Diocesan Office of Cemeteries and a statement published in the Sacred Heart Church Bulletin. The trial court held the letter to be a privileged communication. In the fourth assignment of error, appellants contend that the alleged defamatory statement contained in the October 27, 1986, letter received by the Office of Diocesan Cemeteries was not a privileged communication because the communication was not made in good faith.
Privilege is a defense to a defamation action. Taylor v. Town of Arcadia, 519 So.2d 303 (La.App. 2d Cir.), writ denied, 522 So.2d 1097 (La.1988). A qualified privilege exists when defamatory statements are made: "(1) in good faith, (2) on a matter in which the person making the communication has an interest or with regard to which he has a duty, or (3) to a person with a corresponding interest or duty." Matherne v. Response Instrument Service & Engineering Corporation, 533 So.2d 1011, 1017 (La.App. 1st Cir.1988), writ denied, 537 So.2d 1166 (La.1989). Good faith exists for the purpose of this privilege when the communicating party has reasonable grounds to believe the statement to be true. Elmer v. Coplin, 485 So.2d 171 (La.App. 2d Cir.), writ denied, 489 So.2d 246 (La.1986).
In the October 27, 1986, letter to Mr. Redmond, Father McCool stated that on October 23, 1986, Redmond's employees entered the cemetery and "brought their own drilling equipment and plugged it into our electrical outlets. Simply stated, your workers entered our property, and used Sacred Heart Cemetery utilities without permission, and that is theft, Mr. Redmond. I could have had them arrested and charged, for your information." A copy of this letter was sent to the Director of Cemeteries for the Diocese of Houma-Thibodaux. Father McCool testified that Sacred Heart and Dugas Cemeteries are under the direction of the Diocesan Office of Cemeteries and must follow the rules and regulations established by the Diocese of Houma-Thibodaux for operation of the cemeteries. He stated that he forwarded a copy of the October 27 letter to the Diocesan Office because he is required to keep the Diocese abreast of correspondence regarding matters of concern to the Diocesan Office of Cemeteries. He further testified that he believed the Monument Company was using cemetery electricity on October 23, 1986.
*265 Mr. George Cook, Director of Cemeteries for the Diocese of Houma-Thibodaux testified that the Diocese owns, regulates and operates church cemeteries (including Sacred Heart). The individual cemeteries are run by the pastor and must comply with Diocesan rules and regulations. He stated that the pastor has the responsibility to consult with the Diocesan Office on major problems regarding the operation of the individual cemeteries.
Only when a statement is found to be made without reasonable grounds for believing it to be true can the person uttering the statement be found to be actuated by malice or ill will. Elmer v. Coplin, 485 So.2d at 177. We presume that the trial court found good faith on the part of Father McCool. Father McCool testified that he fully believed that the cemetery utilities were being used to perform the work at Sacred Heart Cemetery on October 23, and Calvin Babin, Jr., a Monument Company employee, testified that the generator was covered with a plastic sheet while the work was being performed.
A review of the record reveals that defendant established by a preponderance of the evidence that the statement was made with a good faith belief that the statement was true and that the statement was subject to conditional privilege.

MALICE
In the first and second assignments of error, appellants contend that the trial court erred in determining that plaintiffs were required to prove malice and in determining that plaintiffs had not met their burden of proving malice.
The elements of a defamation action are: (1) a defamatory statement, (2) publication, (3) falsity, (4) actual or implied malice, and (5) resulting injury. Cangelosi v. Schwegmann Brothers Giant Super Markets, 390 So.2d 196 (La.1980). A statement which imputes the commission of a crime to another is defamatory per se and as a result, falsity and malice are presumed, but not eliminated as requirements. Trahan v. Ritterman, 368 So.2d 181 (La. App. 1st Cir.1979). Defendant then bears the burden of rebutting the presumption. To determine whether words are defamatory per se, the trier of fact considers the context and circumstances in which the statement was made. Cortez v. Shirley, 555 So.2d 577 (La.App. 1st Cir.1989).
In Volume 1, number 19 of the Church Bulletin, dated November 2, 1986, Father McCool inserted the following:
FOR YOUR INFORMATION I have been obliged by certified mail to inform Mr. Russell Redmond Jr. of Redmond's Monument Company that his Company IS FORBIDDEN, as of October 27, 1986, to perform work of any kind in Sacred Heart Cemetery or in Dugas Cemetery. His Company have [sic] persisted in ignoring my Cemetery and Mausoleum policies, and have a "come as you please, go as you please" attitude and use our electrical utilities without permission. The utilities come out of Cemetery funds (= your pocket). Please be advised that all necessary steps will be taken to ensure that Redmond's Monument Company observes this regrettable but necessary action.
In oral reasons for judgment, the trial court found that the statements in the church bulletin referring to unauthorized use of church utilities were false but specifically found no malice on the part of Father McCool. The trial court further found that even if malice were presumed, defendants had successfully rebutted the presumption.
It is uncontested that employees of the Monument Company were working in the cemetery without prior authorization from Father McCool as director of Sacred Heart Cemetery. Calvin Babin, Jr. testified that the electricity used for installing the vase was powered by a generator owned by the Monument Company. The generator was situated on the floor of the mausoleum approximately two feet away from the workmen. It was covered by a plastic sheet which was used to shield it from the rain.
Father McCool testified that he heard the drilling while walking through the cemetery. *266 Father McCool saw men at work in the mausoleum, saw the drill "and a cable or cables coming out of that drill." He further stated that he is not a "mechanical person" and that he presumed the Monument Company employees were using church utilities to power their work.
The trial court's factual determinations particularly regarding witness credibility should not be disturbed on appeal unless clearly wrong. Lemeshewsky v. Dumaine, 464 So.2d 973 (La.App. 4th Cir.1985). After careful review of the record, we conclude that the trier of fact was not manifestly erroneous in determining that the defamatory statement in the bulletin was made in good faith and without malice. This assignment of error is without merit.
The Sacred Heart Congregation was sued as the employer of Father McCool. Having affirmed the judgment of the trial court in favor of Father McCool, we need not address the assignment of error relating to the Sacred Heart Congregation.
Costs are assessed against appellants.
AFFIRMED.