594 So.2d 998 (1992)
Carolyn FONTENOT, Mercedes Turner, Ella D. Barker, Sandra Killmer, Cynthia Williams, Myrna M. Guidry, Phillip Antoine, Laura Nixon, Catherine M. Green, Barbara M. Dartez and Lillie Mae Charles, Plaintiffs-Appellants,
v.
MANPOWER [MOTIVATION], EDUCATION AND TRAINING, INC. and Joseph Cook, Jr., Defendants-Appellees.
No. 90-857.
Court of Appeal of Louisiana, Third Circuit.
February 12, 1992.
*999 Gray, Spruel & Burks, James E. Burks, Lake Charles, for plaintiff-appellant.
Donald R. Jory, Jennings, for defendant-appellee.
Before DOMENGEAUX, C.J., and STOKER and MARCANTEL[*], JJ.
DOMENGEAUX, Chief Judge.
Plaintiffs are former employees of Motivation, Education and Training, Inc., the entity which oversees the federally funded Headstart program in Jefferson Davis Parish. They filed suit against Motivation and its administrator, Joseph Cook, Jr., alleging the defendants terminated plaintiffs' employment on September 1, 1987 solely because plaintiffs applied for and received unemployment compensation benefits during the summer months when school was not in session. Plaintiffs alleged defendants' conduct was in violation of La.R.S. 23:1691, and they prayed for reinstatement, back pay and damages.
The trial court sustained the defendants' exception of no cause of action and dismissed the suit, ruling (1) plaintiffs have no civil remedy under La.R.S. 23:1691, which is a criminal statute and (2) plaintiffs' petition did not state a cause of action for wrongful termination because the plaintiffs failed to allege that they were hired pursuant to an employment contract of definite duration.
La.R.S. 23:1691 provides:
§ 1691. Waiver of rights to benefits; agreements to pay employer contributions; discrimination against employees; penalty
No agreement by an individual to waive, release, or commute his rights to benefits or any other rights under this Chapter shall be valid. No agreement by any individual in the employ of any person or concern to pay all or any portion of an employer's contribution, required under this Chapter, from such employer, *1000 shall be valid. No employer shall directly or indirectly make or require or accept any deduction from wages to finance the employer's contributions required from him, require or accept any waiver of any right hereunder by any individual in his employ, discriminate in regard to the hiring or tenure of work or any term or condition of work of any individual on account of his claiming benefits under this Chapter, or in any manner obstruct or impede the filing of claims for benefits. Any employer or officer or agent of an employer who violates any provisions of this Section shall, for each offense, be fined not less than one hundred dollars nor more than one thousand dollars, or imprisoned for not less than one month nor more than six months.

We agree with the trial court that an employer's violation of this statute does not automatically result in civil liability. This conclusion is reached after comparing La.R.S. 23:1691 with La.R.S. 23:1361, where the legislature does provide a civil remedy for an employer's discrimination against an employee who has filed a worker's compensation claim. In the case of an employer's discriminatory conduct based upon an employee's claim for unemployment benefits, the legislature has only provided a criminal penalty.
However, the employee may still proceed with a civil suit if the employer's conduct otherwise gives rise to a recognized cause of action in either tort or contract. In the instant suit, the plaintiffs alleged their employment was terminated on September 1, 1987 because they applied for and received unemployment compensation benefits. The defendants filed an exception of no cause of action on the grounds of the plaintiffs' failure to allege that they were employed pursuant to a contract of definite duration.[1]
Where an employee's employment is for an indefinite term, the employment is terminable at the will of either the employer or employee. La.C.C. art. 2747. Absent a specific contract or agreement establishing a fixed term of employment, an employer is at liberty to dismiss an employee at any time for any reason without incurring liability for the discharge. Thebner v. Xerox Corp., 480 So.2d 454 (La.App. 3d Cir. 1985), writ denied, 484 So.2d 139 (La. 1986). Such a dismissal, however, may not violate any statutory or constitutional rights which the employee may possess. Johnson v. Delchamps, Inc., 897 F.2d 808 (5th Cir. 1990).
Based upon the cited authority, we find the trial court properly sustained the defendants' exception because plaintiffs failed to allege that they were employed for a fixed term. However, the trial court erred in dismissing the plaintiffs' suit without first giving them an opportunity to amend their petition. La.C.C.P. art. 934 states that when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.
Plaintiffs did not allege the positions in which they were employed; however, the record as a whole suggests that the duration of their employment was related to the school term. Because the record before us suggests the possibility that plaintiffs may indeed amend their petition in good faith, we will reverse that portion of the trial court judgment dismissing the case.
For the above reasons, the judgment of the trial court is affirmed insofar as it sustains the defendants' peremptory exception of no cause of action, but it is reversed insofar as it dismisses the plaintiffs' suit. The case is remanded to the trial court, with instructions that the court order the plaintiffs to amend their petition within a reasonable period of time or else suffer dismissal of their suit. Costs of this appeal are assessed one-half to defendants-appellees and one-half to plaintiffs-appellants.
*1001 Assessment of trial costs to await disposition of this matter on remand.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[*] Honorable Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] This opinion is restricted to the one exception before us at this time. Hence, we make no comment on either the merits of plaintiffs' suit or on any other procedural matters which may or may not arise before the merits can be decided.