I2FOIL, Judge.
This appeal challenges a trial court’s dismissal of a defamation action. We affirm.
FACTUAL AND PROCEDURAL BACKGROUND
This defamation action was originally filed in the Twenty-Second Judicial District Court for the Parish of St. Tammany by Floyd Wisner, a Louisiana attorney, pursuant to a *349 purported assignment of the cause of action from his brother, Rick Wisner. Rick Wisner and defendant, James Harvey, are both residents of Illinois.[1] Defendant filed a peremptory exception urging the objection of no right of action, which was sustained by the trial court. Thereafter, Rick Wisner was substituted as the proper party plaintiff.
The communication serving as the basis for this litigation is an alleged telephone call placed by defendant from his Illinois residence to Floyd Wisner, who represented plaintiff, at his New Orleans law office on June 4, 1994. The suit alleges that during the conversation, defendant accused plaintiff of “dumping toxic waste” and polluting the drinking water. Plaintiff averred that the statement was defamatory per se because it was false, imputed that plaintiff was committing a criminal act, and was made to a third party.
Defendant filed a declinatory exception in which he challenged the subject matter jurisdiction of the St. Tammany Parish district court over the cause of action, as well as a motion for summary judgment. In connection with the exception and motion, defendant urged that there was no actionable Louisiana tort because the statement was made to plaintiffs attorney and as a matter of law, the publication element of a defamation cause of action could not be established.
The trial court agreed, granted the motion for summary judgment, and also sustained the subject matter jurisdictional objection. This appeal, challenging those rulings as well as several other alleged procedural deficiencies, followed.
JsDISCUSSION
Ordinarily, this court would address the propriety of the trial court’s subject matter jurisdictional ruling as a threshold issue. However, that objection is based on the argument that there is no Louisiana tort for the trial court to assert jurisdiction over because plaintiff cannot, as a matter of law, maintain this defamation action. The proper prece-dural device to determine whether plaintiff can recover under Louisiana law is a motion for summary judgment, and we confine our discussion to the trial court’s action in granting the motion for summary judgment.[2]
Appellate courts review summary judgments de novo under the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). A motion for summary judgment may be granted only if the pleadings, depositions, answers to interrogatories, admissions and affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966. In most cases, the burden of showing that there is no genuine issue of material fact is on the mover and all doubts must be resolved against the mover and in favor of a trial on the merits. Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
However, because the threat of un-meritorious litigation may have a chilling effect on the constitutionally protected right of free speech, courts employ a different standard for summary judgment in defamation cases. In order to survive a motion for summary judgment, a defamation plaintiff must produce evidence of sufficient quality and quantity to meet his burden of proof at trial. Zellinger v. Amalgamated Clothing, 28, 127 (La.App. 2 Cir. 4/3/96), 683 So.2d 726; Bell v. Roddy, 94-0298 (La.App. 1 Cir. 10/7/94), 646 So.2d 967, 969, writ denied, 95-0440 (La. 3/30/95), 651 So.2d 848, cert. denied, - U.S. -, 116 S.Ct. 163, 133 L.Ed.2d 105 (1995). A defamation plaintiff must prove: (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury. Brannan v. *350 Wyeth Laboratories, Inc., 526 So.2d 1101, 1105 (La.1988).
In his motion for summary judgment, defendant contends that the plaintiff cannot recover because there was no publication to a third party. In support of this proposition, defendant introduced evidence showing that plaintiff and defendant had a dispute over plaintiffs proposed use of property in Wills County, Illinois, located near defendant’s property. Floyd Wisner represented plaintiff and his wife, along with Wisner Controls Inc., as their attorney in an attempt to obtain a special use permit to operate a business on their Wills County property. On May 31, 1994, Floyd Wisner wrote a letter to defendant and his wife, stating that he represented the Wisners and had been advised that defendant and his wife made “false, unwarranted accusations against the Wisners” to local officials regarding the proposed use of their property. Floyd Wisner wrote that defendant’s “defamatory comments to county officials” would not be tolerated, and threatened that a defamation action would be filed if defendant continued to make “groundless accusations.”
On June 4, 1994, defendant placed a telephone call to Floyd Wisner at his New Orleans office. According to plaintiff, during a conversation with Floyd Wisner, defendant accused plaintiff of dumping toxic waste and polluting the drinking water. Although in pleadings defendant denied making the statement, he admitted for the sole purpose of the motion for summary judgment that the statement was made. Defendant argues that because the statements were made to plaintiffs attorney, it is as if the statements were made to plaintiff himself, and the subject communication cannot constitute a publication to a third party for the purpose of a defamation action.
We agree. The “publication” element of a defamation action requires publication or communication of defamatory words to someone other than the person defamed. Crooms v. Lafayette Parish Government, 628 So.2d 1224, 1226 (La.App. 3d Cir.1993); Commercial Union Insurance Company v. Melikyan, 424 So.2d 1114, 1115 (La.App. 1st Cir.1982). In Commercial Union Insurance Company v. Melikyan, 424 So.2d at 1115, this court held that an intra-corporate communication among officers or agents of the same corporation, in connection with their duties for the corporation, are a communication of the corporation, and cannot be considered as being a communication to a third party. In so holding, this court relied on the case of Cangelosi v. Schwegmann Brothers Giant Super Markets, 390 So.2d 196 (La.1980), in which the Louisiana Supreme Court ruled that statements made by and among the plaintiffs’ co-employee supervisors, in connection with a suspected altered check, did not constitute a publication to third persons.
While no Louisiana cases have addressed communications made to a plaintiffs attorney, several federal cases have. In Snyder v. Ag Trucking, Inc., 57 F.3d 484 (6th Cir.1995), a federal court applying Ohio state law held that a publication to a plaintiffs attorney is not a publication to a third party when the communication pertains to a matter for which the attorney was retained. Another federal court, choosing instead to utilize the concept of privilege, found that a letter written in response to an attorney’s inquiry is equivalent to a publication to the plaintiff himself, and is therefore not actionable. Millsaps v. Bankers Life Co., 35 Ill.App.3d 735, 342 N.E.2d 329, 335 (1976).
Drawing on the above cited sources, we hold that a statement made to a plaintiffs attorney relating directly to the subject matter for which the attorney was retained is equivalent to a communication to the plaintiff himself, and therefore, under Louisiana law, the statement cannot constitute a publication to a third party necessary to maintain an action in defamation.
Contrary to plaintiffs assertions, there is no factual dispute in this case as to whether the subject communication related to the matter for which Floyd Wisner was retained. The record establishes that Floyd Wisner was hired by plaintiff in connection with an application for a special use permit to operate a business on his Wills County, Illinois property. Floyd Wisner wrote a letter to defendant threatening suit if defendant per *351 sisted in complaining to local officials about plaintiffs proposed use of the property. The substance of the | ^conversation at issue related directly to the plaintiffs use of his property. Under the undisputed facts of this case, we conclude that defendant’s statements to plaintiffs attorney related directly to the matter for which the attorney was retained and as such, are not actionable as a matter of law. Therefore, the trial court correctly granted defendant’s motion for summary judgment.
CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiff, Rick Wisner.
AFFIRMED.

. At the outset of this litigation, defendant objected to the personal jurisdiction of the Louisiana court. The trial court overruled the objection, and that ruling is not before this court.

. If we did find a publication of a defamatory statement, the question of the St. Tammany Parish trial court's authority to adjudicate this dispute between two non-residents would arise and would require a determination of where the tort occurred. Since we conclude plaintiff cannot maintain this defamation action as a matter of law, the jurisdictional issue is moot.