Ji_PETERS, Judge.
The plaintiff, Pamela Manuel, was dismissed from her employment as a radio dispatcher with the Mamou Police Department on August 11,1995. She brought this action against the Town of Mamou, seeking reinstatement to her former position and damages for wrongful termination. After trial, the trial court ordered that she be reinstated as a part-time dispatcher and awarded her an amount for lost wages from August 11, 1995, through November 25,1996, the date of judgment. Both the Town of Mamou and Ms. Manuel have appealed. The Town of Mamou seeks to have the judgment reversed, and Ms. Manuel seeks additional damages.
Pamela Manuel initially began employment with the Mamou Police Department in 1984, when she was hired as a radio dispatcher. She left the department in 1992 but returned as a radio dispatcher on a part-time basis in 1994.
|2The Town of Mamou is a Lawrason Act[1] municipality, and the chief of police is an elected official. On January 1,1995, Gregory Dupuis became the chief of police of Mamou. When he took office, Ms. Manuel was still employed by the department as a part-time radio dispatcher. Sometime early in his first month in office, Chief Dupuis terminated Ms. Manuel’s employment with the department. Chief Dupuis asserted that Ms. Manuel’s employment was terminated because of her past history of drug abuse and because of her lack of cooperation with an investigation of the theft of money from the police department. The alleged theft actually took place before Chief Dupuis took office but was an ongoing investigation in January of 1995. As part of the investigation, Ms. Manuel was ordered to take a polygraph test. According to Chief Dupuis, the polygraph examiner reported to him that Ms. Manuel was uncooperative in taking the test.
On February 1, 1995, Mamou’s mayor and board of aldermen passed Ordinance 95-4. That Ordinance provides in pertinent part as follows:
SECTION 1: The Chief of Police is hereby given the authority to appoint, discipline and discharge part time police department personnel along with the authority to set the compensation of said part time employees.
SECTION 2: A part time employee is defined as an employee who is not a full time or salaried or monthly employee as defined by the Town of Mamou, Employment Policy, Ordinance No. 87-12.
Ordinance 87-12 sets forth employment policies but does not contain a definition of “a full time or salaried or monthly employee.”
Despite having fired Ms. Manuel in January of 1995, Chief Dupuis asked Ms. Manuel to participate in an undercover drug-sting operation for the department. In|3exchange for her participation, Chief Dupuis offered Ms. Manuel the opportunity to return to the department as a dispatcher. Chief Dupuis testified that Ms. Manuel asked for a full-time position in exchange for her participation in the undercover operation and that he agreed, conditioned on her ceasing to write NSF cheeks, timely appearing for work, and not abusing the department’s sick-leave policy.
Ms. Manuel testified that she initially rejected Chief Dupuis’ offer to go undercover but that when he offered her full-time employment as a dispatcher, she agreed to think about the offer. According to Ms. Manuel, the conditions of returning to work were that she participate in the undercover operation, cease writing NSF checks, and pass random drug screens. She asserted that Chief Du-puis told her the position would be part-time until August of 1995, at which time it would become full-time. This arrangement was satisfactory to her because, at the time, she was working at a local radio station and certain other commitments she had would expire in August. The department’s payroll records reflect that she returned to work on February 15,1995.
Ms. Manuel acknowledged that she had a history of drug abuse. Additionally, she had a history of writing NSF checks. In fact, she had been convicted of that offense on February 17, 1995. Her sentence for the conviction was suspended, and she was *360 placed on supervised probation. Her probation conditions included paying restitution, court costs, and probation fees and reporting to her probation officer, Georgia Thibodeaux, on a monthly basis. On March 16, 1995, Ms. Manuel met with Ms. Thibodeaux, who explained to Ms. Manuel her probation requirements. According to Ms. Thibodeaux, Ms. Manuel did not comply with her probation requirements in the months following the March meeting. Specifically, Ms. Manuel |4did not make restitution or pay the costs and fees as ordered by the trial court, and she did not appear for her monthly meetings with Ms. Thibodeaux from April through July or respond to Ms. Thibodeaux’s telephone calls.
On August 9, 1995, Ms. Thibodeaux called for Ms. Manuel at the Mamou Police Department and left a message for her to appear at the Evangeline Parish Sheriffs Office. When Ms. Manuel appeared at the sheriffs office on August 10, 1995, she did not have sufficient funds to meet her accrued probation obligations. As a result, Ms. Manuel was immediately taken into custody. Later that day or the next, she produced the money and was released from jail. On the same day, Ms. Thibodeaux terminated her probation as unsatisfactory.
On August 10, 1995, Chief Dupuis became aware that Ms. Thibodeaux was attempting to contact Ms. Manuel. After speaking with Ms. Thibodeaux, he also searched for Ms. Manuel but was unable to locate her. Because he was leaving town on that day, the chief ordered Herman Celestine, the assistant chief of police, to find Ms. Manuel and inform her that her employment was terminated effective immediately. On August 11, 1995, Officer Celestine informed Ms. Manuel that her employment had been terminated because of her probation violations.
According to Chief Dupuis, the probation issue was not the only reason he terminated Ms. Manuel’s employment. He testified that he had problems with her missing work and calling in sick in July and that he disapproved of some of the individuals she was seen with in public, given her position as a police officer and her prior difficulties with drugs. In July, Chief Dupuis had issued Ms. Manuel a reprimand because of the disruptive effect she was having on the department.
The trial court found that without the promise of getting her old job back and | shaving it later expanded to full-time employment, Ms. Manuel would not have agreed to the undercover narcotics activity but that the chief of police did not have the authority to guarantee a full-time position. It further found that Ms. Manuel’s failure to comply with the conditions of probation was not sufficient cause to dismiss her from employment. In its appeal, the Town of Mamou seeks to have the trial court’s decision reversed and Ms. Manuel’s dismissal from employment upheld. Ms. Manuel appeals seeking an increase in her damage award. For the following reasons, we reverse the trial court’s judgment in its entirety.
The Town of Mamou is a mayor-board of aldermen form of government, commonly referred to as a Lawrason Act municipality, and is subject to the requirements of La.R.S. 33:321, et seq. Unless otherwise provided for by special statute, the chief of police of the Lawrason Act municipality is elected at large. La.R.S. 33:381.1. The chief of police of Mamou is an elected official. However, the elected chief of police may not appoint his own personnel, but rather “he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel.” La.R.S. 33:423(A).
The trial court concluded that a promise of full-time employment was made to Ms. Manuel and that she relied on that promise. It further concluded that because of La.R.S. 33:423(A), any offer of full-time or permanent employment could only be made subject to approval of the mayor and board of aider-men. In this case, no such approval had been obtained, and there was no evidence that the mayor or board of aldermen had made any promises to Ms. Manuel concerning her employment. However, the trial court concluded that Ms. Manuel was entitled to reinstatement to | fiher part-time position.
We do not agree with the trial court that Ms. Manuel’s employment with the depart *361 ment could only be terminated for cause. Absent a specific contract or agreement that establishes a fixed term of employment, the employer may dismiss an employee at any time, for any reason, without incurring liability for wrongful discharge. La.Civ.Code art. 2747; Crooms v. Lafayette Parish Gov’t, 628 So.2d 1224 (La.App. 3 Cir.1993). Nothing in evidence, including the employment policies established by Ordinance 87-12, sets forth any requirement different from that found in La.Civ.Code art. 2747. Even assuming cause is necessary, we find that the chief of police established adequate cause in this particular situation. Ms. Manuel was an employee of a department sworn to uphold the law and failed miserably in her obligation to comply with the legal mandates of her probation. Certainly such failure was a reflection on the department for which she worked.
In reversing the trial court, we are not called upon to rule on the question of whether the chief of police even had the authority to hire or fire Ms. Manuel. Clearly Ms. Manuel’s employment was not properly terminated in January of 1995 pursuant to La. R.S. 33:423(A) because no recommendation concerning her employment status was ever acted upon by the mayor and board of aider-men. Even assuming that Ordinance 95-4 is a permissible delegation of authority, that ordinance had yet to be acted upon by the mayor and board of aldermen and only took effect after the appropriate delays provided for in La.R.S. 33:406. However, that termination is not the issue before us.
We note that the legislative powers of a municipality are vested in the board of aider-men, including the power, by ordinance, to “provide policies and procedures ^regulating the employment of municipal employees including the hiring and firing of such employees.” La.R.S. 33:362(A)(3). However, this legislative power is “[s]ubjeet to” other provisions of the law. Id. We are not called upon to address the question of whether Ordinance 95-4 violated La.R.S. 33:423(A), and therefore we base our decision solely on Ms. Manuel’s status as an at-will employee who could be dismissed at any time without cause.
DISPOSITION
For the foregoing reasons, we reverse the trial court’s judgment and render judgment in favor of the Town of Mamou, dismissing the demands of Pamela Manuel. We assess all costs of this appeal to Pamela Manuel.
REVERSED AND RENDERED.

. La.R.S. 33:321, et seq.