Dear Chief Nugent;
You hold the position of elected chief of police for the City of Winnfield. You specifically inquire as to your authority vis-é-vis the hiring and firing of police department personnel.
The City of Winnfield s a Lawrason Act municipality, governed by the provisions of R.S. 33:321, et seq. Of relevance to our determination is R.S. 33:423, providing:
 § 423. Duties of marshal
 A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and the board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, disability, as defined in R.S. 51:2232(11), or creed.
 B. The provisions of Subsection A of this Section shall not be construed to limit or restrict the provisions of R.S. 33:423.3. (Emphasis added).
Of further import is R.S. 33:362(A) (3) which pertinently provides:
 (3) Subject to law, including R.S. 33:423.2 and 423.3, and applicable civil service rules and regulations, the board of aldermen shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees.
As elected chief of police, you may only make recommendations to the mayor and board of aldermen for the hiring or appointment of police department personnel. The chief of police does not have the unilateral authority to hire and fire police personnel, based on the legal authority cited below.
In Thibodeaux vs. Hernandez, 702 So.2d 1157 (La.App. 3rd Cir. 1997), the court recognized that "except in a few isolated instances, the Lawrason Act does not explicitly grant elected Chiefs of Police the authority to hire or fire personnel." Thibodeaux, supra, at page 1158. Similarly, in Manual vs. Town of Mamou, 704 So.2d 358 (La.App. 3rd Cir. 1997), the court stated that "the elected chief of police may not appoint his own personnel", but rather must proceed according to the dictates of R.S. 33:423(A) cited above. See Manual, supra, at page 360. In accord with these decisions are Attorney General Opinions 00-366, 98-460, and 88-532.
While the mayor and the aboard of aldermen have final hiring authority, they may only hire as police personnel those persons who have been recommended by the chief of police. In Lee vs. Grimmer,775 So.2d 1223 (La.App. 1st Cir. 2000), the court noted "the legislature's use of the word `shall' in LSA R.S. 33:423 either makes the chief of police's recommendation a prerequisite to action by the mayor and board of aldermen or it does not; we believe that it does make a recommendation a prerequisite." Further reviewing the legislative history of R.S. 33:423, the court in Lee, supra, noted at page 1227:
 By these various amendments, it is obvious to this court that the legislature intended to further limit the power that the mayor and board of aldermen had with respect to the hiring and firing of employees of the police department. Accordingly, we view the legislature's use of the word "shall" in LSA R.S. 33:423
as mandating a recommendation by the chief of police as a prerequisite to action by the mayor and board of aldermen with respect to the termination of police personnel.
 While we recognize that, as argued by the mayor and Board, the requirement of the chief of police's involvement in such actions may lead to difficulty in some situations where the administration and the chief of police are at odds concerning such matters, one cannot ignore the clear language of the statute. Any change in the statutory requirement is for the legislature to address, not the courts.
Thus, while the mayor and board of aldermen must hire from your recommendation, the final authority for filling these positions (or discharging from these positions) rests with the governing authority.
In other municipalities similar to the City of Winnfield, the result to the questions raised herein would be different, as the power to hire has been legislatively allocated to the Chief of Police. See R.S. 33:423.2
(City of Harahan); R.S. 33:423.3 (City of Gretna); R.S. 33:423.5 (City of Scott); R.S. 33:423.6 (City of Westwego); R.S. 33:423.7 (City of Patterson; R.S. 33:423.8 (City of Gonzales); and R.S. 33:423.10 (Village of Tickfaw). However, no such authority currently exists for the chief of police of the City of Winnfield.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
DATE RECEIVED:
DATE RELEASED: September 10, 2001