818 So.2d 965 (2002)
Gloria Mae RUFFIN
v.
WAL-MART STORES, INC.
No. 2001 CA 0613.
Court of Appeal of Louisiana, First Circuit.
May 10, 2002.
*966 Johnnie A. Jones, Sr., Baton Rouge, for PlaintiffAppellant Gloria Mae Ruffin.
Thomas P. Anzelmo, Ken D. Brown, Metairie, for DefendantAppellee Wal-Mart Stores, Inc.
Before: WHPPLE, FOGG, and GUIDRY, JJ.
FOGG, Judge.
In this defamation action against an employer, the plaintiff appeals a judgment granting the defendant's motion for summary *967 judgment and dismissing her lawsuit with prejudice. For the following reasons, we affirm.
The facts are undisputed. On March 15, 1988, Gloria Mae Ruffin was hired to work at the Wal-Mart store located on Perkins Road in Baton Rouge, Louisiana. She worked at various positions at the Perkins Road store until Wal-Mart terminated her employment on May 18, 1998. At the time of her termination, she was employed as a cashier. She was terminated for theft and dishonesty.
On May 18, 1999, Ruffin filed a petition for damages, asserting that Wal-Mart unjustly terminated her employment due to false accusations of theft and dishonesty, causing harm to her reputation in the job market. She sought damages for defamation. Wal-Mart responded with a motion for summary judgment. The trial court granted the motion and dismissed the plaintiff's suit with prejudice. This appeal followed.
The question of whether or not summary judgment is proper is made with reference to the substantive law applicable to the case. Smith v. Berteau, 98-1438 (La.App. 1 Cir. 6/25/99), 739 So.2d 269. A cause of action for defamation arises out of a violation of LSA-C.C. art. 2315. The following elements are essential to prevail on a claim of defamation: (1) defamatory words; (2) publication; (3) falsity; (4) malice, actual or implied; and (5) resulting injury. Cangelosi v. Schwegmann Bros. Giant Super Markets, 390 So.2d 196 (La. 1980).
Because the threat of unmeritorious litigation may have a chilling effect on the constitutionally protected right of free speech, the courts employ a different standard for summary judgment in defamation cases. Wisner v. Harvey, 96-0195 (La. App. 1 Cir. 11/8/96), 694 So.2d 348. If the documents filed in support of the defendant's motion for summary judgment are facially adequate to refute the essential elements of a particular defamation claim, the claim will not survive summary judgment unless the plaintiff affirmatively produces evidence of sufficient quality and quantity to demonstrate that it is likely that she will be able to meet her burden of proof at trial. Sassone v. Elder, 626 So.2d 345 (La.1993). The defamation plaintiff who opposes summary judgment bears a more onerous burden of proof than plaintiffs in other actions, and must show that she can produce sufficient evidence at trial to prove the elements of the case with convincing clarity. Wright v. Dollar General Corp., 602 So.2d 772 (La.App. 2 Cir. 1992), writ denied, 606 So.2d 538 (La. 1992). If the plaintiff fails to meet her burden as to any contested element, summary disposition of the claim is proper.
An essential element of a defamation claim is the publication or communication of words or some statement to someone other than the plaintiff. In her sole assertion of publication by the defendant, Ruffin contends Wal-Mart communicated the defamatory statement that her employment was terminated because she committed a theft to the Louisiana Office of Employment Security. Wal-Mart asserts the defense that this communication, even if defamatory, is not actionable because it is entitled to a conditional privilege. See Redmond v. McCool, 582 So.2d 262 (La. App. 1 Cir.1991).
Otherwise defamatory publication enjoys a qualified conditional privilege if made in good faith, on any subject matter in which the person communicating has an interest or in reference to which he has a duty, and to a person having a corresponding interest or duty. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730. A statement is *968 made in good faith when it is made with reasonable grounds for believing it to be true. Harrison v. Uniroyal, Inc., 366 So.2d 983 (La.App. 1 Cir.1978). The jurisprudence establishes that communications between an employer and the Department of Employment Security generally enjoy a qualified privilege. Kelly v. West Cash & Carry Bldg. Materials Store, 99-0102 (La.App. 4 Cir. 10/20/99), 745 So.2d 743; Melder v. Sears, Roebuck and Co., 98-0939 (La.App. 4 Cir. 3/31/99), 731 So.2d 991; Heflin v. Sabine Ass'n of Retarded Citizens, 96-782 (La.App. 3 Cir. 12/26/96), 685 So.2d 665.
Herein, the plaintiff failed to produce any evidence that Wal-Mart was in bad faith in its communication with the unemployment office. Rather, she simply alleges that the defendant revealed to the unemployment office that she was fired for theft. That remark clearly satisfies the above requirements for a qualified privilege, and Ruffin has not affirmatively established that she can produce sufficient evidence at trial to prove with convincing clarity her claim of defamation arising out of Wal-Mart's disclosure of its reasons for firing Ruffin to the Office of Employment Security. Thus, Wal-Mart is protected in its communication to the unemployment office by a qualified privilege.
Ruffin alleges no other instances of publication of a defamatory statement made by the defendant. By failing to come forward with evidence of unprivileged publication of the alleged defamatory remarks by the defendant which is an essential element of a cause of action for defamation, the plaintiff has failed to successfully oppose the defendant's motion for summary judgment. Cf. Simon v. Variety Wholesalers, Inc., XXXX-XXXX (La.App. 1 Cir. 5/11/01), 788 So.2d 544, writ denied, 2001-2371 (La.11/16/01), 802 So.2d 617. Accordingly, there is no issue of material fact with regard to the plaintiff's claim of defamation, and the defendant is entitled to judgment as a matter of law.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs are assessed against Gloria Mae Ruffin.
AFFIRMED.