702 So.2d 1157 (1997)
John B. THIBODEAUX
v.
Gene HERNANDEZ, in Official Capacity as the Mayor of Duson, and the Town of Duson.
No. 97-602.
Court of Appeal of Louisiana, Third Circuit.
October 29, 1997.
John M. Jefcoat, Lafayette, for John B. Thibodeaux.
Harold L. Savoie, Lafayette, for Gene Hernandez, et al.
Before SAUNDERS, PETERS and AMY, JJ.
SAUNDERS, Judge.
In this case, a police officer, discharged unanimously by the Board of Aldermen and Mayor of the Town of Duson, sues for wrongful discharge. The stated grounds for his dismissal included Mr. Thibodeaux's failure to attend the police academy, although the Town apparently also had some considerable concern as to the physical health of the 350-pound officer. In response to these charges, Officer Thibodeaux averred that it was not his but rather the Town's failure to enroll him in the police academy. He further suggests that his relative health is of no moment given the binding authority of the Americans with Disabilities Act.
Because the Board of Aldermen and Mayor acted without the recommendation of the Town's Chief of Police, the trial court granted plaintiff's motion for summary judgment, pretermitting consideration as to the conflicting substantive evidence concerning plaintiff's qualifications. We affirm.

FACTS
Plaintiff-appellee, John B. Thibodeaux, was hired by the Town of Duson as a police officer on January 16, 1995, but was terminated by the Mayor and Board of Aldermen on January 16, 1996. The substantive issues concerning Officer Thibodeaux's qualifications have never been resolved because, after suit was filed and answered, the trial court determined that a procedural defect voided plaintiff's termination. The procedural shortcoming deemed dispositive by the trial court was that plaintiff was discharged by the Mayor and Board of Aldermen without the recommendation of the Chief of Police.
The sole question which presents itself on appeal, therefore, is whether an elected Chief of Police in a Lawrason Act municipality is required to initiate personnel proceedings involving officers of his department, including appointments, promotions, disciplinary actions, and dismissals.
Initially, we observe that there is no question but that the Town of Duson is a municipality governed by the Lawrason Act, La. R.S. 33:321 et seq., or that the Chief of Police in the Town of Duson is an elected position. Nor can it be denied that the Chief of Police, who knew of the Mayor's and Council's pending personnel action against plaintiff, declined to recommend his termination.

*1158 OPINION

The specific language of the Lawrason Act governing this dispute is contained in La.R.S. 33:404 and 33:423.
As the emphasized statutory language below suggests, La.R.S. 33:404, the provision of the Lawrason Act generally setting forth the powers of the mayor, explicitly declines to enumerate his powers in connection with employees of police departments headed by an elected Chief of Police:
§ 404. Duties of mayor
A. The mayor shall have the following powers, duties, and responsibilities:
(1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law. All administrative staff shall be subordinate to the mayor.
(2) To delegate the performance of administrative duties to such municipal officers or employees as he deems necessary and advisable.
(3) Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of a police department with an elected chief of police. However, appointment or removal of a nonelected chief of police, the municipal clerk, the municipal attorney, or any department head shall be subject to approval by the board of aldermen, except that in the case of a tie vote, the recommendation of the mayor shall prevail. Furthermore, selection or removal of any person engaged by a municipality to conduct an examination, review, compilation, or audit of its books and accounts pursuant to R.S. 24:517 shall be subject to approval by the board of aldermen of that municipality.
....
B. The provisions of this Section shall not be construed to alter, affect, or amend any powers, duties, and functions of any elected chief of police as set forth in R.S. 33:423, R.S. 33:423.2, and R.S. 33:423.3.
(Emphasis ours).[1]
At the same time, except in a few isolated instances, the Lawrason Act does not explicitly grant elected Chiefs of Police the authority to hire or fire personnel. The exceptions to this rule include the explicit grants of authority conveyed by La.R.S. 33:423.2 and La.R.S. 33:423.3 to the Chiefs of Police of Harahan and Gretna, to the effect that they "shall appoint and discharge police personnel subject to the budgetary limitations of the mayor and board of aldermen pertaining to the number of allotted positions for the police department." Neither La.R.S. 33:423.2 nor La.R.S. 33:423.3 nor other similar provisions[2] provide such unambiguous guidance with respect to the Town of Duson or other Lawrason Act municipalities whose Chiefs of Police are elected, however. Compare Doyle v. City of Harahan, 610 So.2d 272 (La.App. 5 Cir.1992).
Rather, for guidance, we are limited to the language contained in La.R.S. 33:423(A) noted by plaintiff-appellee and reproduced below:
§ 423. Duties of marshal
A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321 et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations *1159 or recommendations are to be made regardless of race, color, disability, as defined in R.S. 51:2232(11), or creed.
(Emphasis ours)
Inasmuch as the word "shall" means mandatory, La.R.S. 1:3, the critical question presented by this dispute becomes a more narrow one, i.e., whether the word "shall" mandating a recommendation to the Mayor and Board of Aldermen as to the discharge of police personnel was intended to simply impose such an obligation upon the Chief of Police, given that it is only a "recommendation" that the Chief "shall make," or whether, as the trial court has concluded, that such a recommendation constitutes, in effect, a check upon the Mayor and Aldermen, who otherwise could make such critical personnel decisions without the Chief of Police's input or concurrence.[3]
Ultimately, we conclude that the latter interpretation is the appropriate one, given the absence of a contest regarding Officer Thibodeaux's hiring and the absence of evidence to suggest any violation of prior established policies or procedures. La.R.S. 33:423 vests and common sense dictates in elected Chiefs of Police a stake in the hiring and firing of police officers. Meanwhile, La.R.S. 33:362(A)(3) empowers Aldermen, subject to other laws, to provide policies and procedures with respect to municipal employees but, unlike La.R.S. 33:423, fails to mention police officers.
§ 362. Exercise of municipal powers; legislative, executive
A. (1) The legislative powers of a municipality shall be vested in and exercised by the board of aldermen.
....
(3) Subject to law, including R.S. 33:423.2 and 423.3, and applicable civil service rules and regulations, the board of aldermen shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees.
(Emphasis ours.)
Because in this case there is no question but that the Town of Duson is a Lawrason Act Town whose chief of police is elected, and because no issue is made of Officer Thibodeaux's hiring or that his qualifications then measured up to the Town's requirements, we agree with the trial court: the only relevant fact is that the elected chief of police deliberately chose not to recommend Officer Thibodeaux's dismissal. Consequently, like the trial court, we conclude that the Aldermen and Mayor lacked the authority to unilaterally terminate Officer Thibodeaux's employment over the objection of the elected Chief of Police. In accord, La.Atty.Gen.Op. No. 93-405 (June 2, 1993) ("[T]he ultimate decision concerning any layoffs of police personnel due to budgetary constraints rests with the board of aldermen. However, the discipline or dismissal of a police employee by the board of aldermen is contingent upon the recommendation made by the chief of police.").
Finally, appellee contends that the Town's appeal is frivolous and seeks attorney fees for having to defend its appeal. Owing to the lack of prior controlling jurisprudence on the issue presented by this appeal, we find no bad faith on the part of appellants. Accordingly, we conclude that this argument lacks merit.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed in all respects at defendants-appellants' costs.
AFFIRMED.
PETERS, J., concurs and assigns written reasons.
*1160 PETERS, Judge, concurring.
The majority concludes that the mayor and board of aldermen had no authority to terminate the employment of Mr. Thibodeaux as a Duson police officer without the recommendation of the elected chief of police, and I agree with that conclusion. La.R.S. 33:423(A) clearly requires such a recommendation before the mayor and board of aldermen may dismiss police personnel. While I recognize that, as argued by the defendants, the requirement of the chief of police's involvement may lead to difficulty in some situations where the administration and the chief of police are at odds concerning such matters, one cannot ignore the clear language of the statute. Any change in the statutory requirement is for the legislature to address, not the courts.
The defendants' principal complaint is that they have no power to force Mr. Thibodeaux to successfully complete a certified training program as required by La.R.S. 40:2405. While I agree that, without the chief of police's recommendation, they do not have the power, I note that the Louisiana Council on Peace Officer Standards and Training has the power to seek an injunction prohibiting Mr. Thibodeaux from exercising the authority as a Duson police officer if he fails to become certified. See La.R.S. 40:2405(A). Thus, there does exist a vehicle for relief where a police officer is unwilling or unable to become certified.
NOTES
[1] La.R.S. 24:517 was repealed by Acts 1991, No. 610, § 2, effective December 31, 1991.
[2] See, e.g., La.R.S. 33:423.4 (the City of Ville Platte); 33:423.5 (the City of Scott); 33:423.6 (the City of Westwego); 33:423.7 (the City of Patterson); 33:423.8 (the City of Gonzales).
[3] The only statutory provision found to mention elected Chiefs of Police provides for their minimum qualifications and not for their responsibilities.

§ 385.1. Qualifications of elected chief of police
An elected chief of police of a municipality shall be an elector of the municipality. At the time of qualification as a candidate for the office of chief of police, he shall have been domiciled for at least the immediately preceding year in the municipality except that a person who resides outside of the corporate limits of the village of Maurice may be elected chief of police. The provisions of this Section shall not apply to the village of Napoleonville.