Dear Chief Breland:
You are the elected chief of police of the Town of Sterlington, which is governed by the provisions of the Lawrason Act, LSA-R.S.33:321, et seq. You have presented several questions to us for resolution concerning the powers and duties statutorily granted to one holding your official position. We respond to your questions in chronological order.
Question One Under the Lawrason Act, R.S. 33:321, et seq., does the Board of Alderman have the authority to tell an elected chief of police who he can hire or fire?
Our response to your first question requires application of LSA-R.S. 33:423 defining the duties of an elected chief of police, which pertinently provides:
 ". . . . .In those municipalities governed by the provisions of (the Lawrason Act) which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel. . . . ."
There is now jurisprudence interpreting the foregoing statute which specifically answers your first question. In the case ofThibodeaux vs. Hernandez, 702 So.2d 1157 (La.App. 3rd Cir. 1997), the court resolved the power struggle between the board of aldermen and an elected chief of police concerning hiring and firing of police employees as follows:
 ". . . . we conclude that the Aldermen and Mayor lacked the authority to unilaterally terminate (a police officer) over the objection of the elected chief of police. . . . . . ." See Thibodeaux, supra, at page 1159.
The court further cited with approval the following language from an opinion issued by this office:
 "The ultimate decision concerning any layoffs of police personnel due to budgetary constraints rests with the board of aldermen. However, the discipline or dismissal of a police employee by the board of aldermen Is contingent upon the recommendation made by the chief of police." (Emphasis added); see Thibodeaux, supra, at page 1159 and Attorney General Opinion 93-405.
Additional language from Thibodeaux, at page 1159, directs that "R.S. 33:423 vests and common sense dictates in elected chiefs of police a stake in the hiring and firing of police officers." We adopt the determination of the court, as we are required to do, and answer your first question as follows: your recommendation is required in order for the board of aldermen to hire or fire police personnel. Otherwise, the board of aldermen could "make such critical personnel decisions without the chief of police's input or concurrence" in contradiction to the directives of the court in Thibodeaux. Thibodeaux, at page 1159.
Question Two If the Board of Alderman has not enacted an ordinance that provides for Policies and Procedures regulating the employment of municipal employees, including the hiring and firing, who has the authority to do such hiring or firing, the Board of Alderman or the elected chief of police?
LSA-R.S. 33:362(A)(1) and (3) empowers the board of aldermen to provide by ordinance policies and procedures "regulating the employment of municipal employees including the hiring and firing of such employees" but as the court noted in Thibodeaux, the statute "fails to mention police officers". See Thibodeaux, at page 1159. Nonetheless, we infer from R.S. 33:423 that the board of aldermen retain appointment and dismissal authority over police personnel despite the fact that no formal procedures manual may have been adopted. The court has instructed that an elected chief of police's "input or concurrence" is mandatory concerning such "critical personnel decisions". See Thibodeaux, at pages 1158 and 1159. Again, as in the instance of dismissal of police personnel, the hiring of police personnel is contingent upon your recommendation as chief of police.
Question Three Do the employees of the police department of an elected chief of police fall under the authority of the elected chief of police or the mayor and board of alderman under Lawrason Act R.S. 33:404? I need clarification as to whether an elected chief is responsible for all aspects of his department from the hiring and firing to the daily running of his department and what role the board of alderman play in this aspect.
This office has rendered numerous opinions holding that an elected chief of police has control over the administration of his department in a Lawrason Act municipality. The chief of police is the final authority in the day-to-day operation of his office and equipment. The governing authority cannot revoke or impair the inherent powers of an elected chief of police, which powers have been defined "as the power to supervise the operation of the police department and assign its personnel and control its equipment." See Opinions 98-204, 97-393, 95-135. Again, note that the board of aldermen hire and fire police personnel, subject to your mandatory recommendation.
Question Four Does the Board of Alderman set the qualifications for the police department employees or does the elected chief of police?
While the chief of police may adopt a policy and procedure manual with respect to qualifications of potential police employees, the Board of Alderman is not bound by these criteria. Again, the ultimate authority to hire and fire rests with the Board and the chief of police cannot, by way of internal policy, disrupt or impair that authority. See Attorney General Opinion 98-204.
Question Five Can an outgoing chief of police and Board of Alderman enter into a contract for training services which will continue into another chief of police's term and affecting his budget? If so, can the contract be legally broken by the newly elected chief once his term begins?
We refrain from directly responding to this question regarding the legality of a contract with which we are unfamiliar. However, please refer to Attorney General Opinion 98-438, attached, in which we concluded that a contract involving the expenditure of municipal funds requires the approval of both the mayor and the board of aldermen. This factor would, in our opinion, be determinative of whether the new administration must continue to abide by the contract, absent any other illegality.
Question Six Does the Lawrason Act pertain the same to an elected chief of police as to an appointed chief of police?
Yes, the provisions of the Lawrason Act are equally applicable to either an appointed or an elected chief of police. An appointed chief of police enjoys the same powers as an elected chief. See Attorney General Opinion 83-11. A notable difference is that an elected chief of police may only be involuntarily removed from office through the recall election process. See Attorney General Opinion 83-523.
Question Seven Can the Board of Alderman set an elected chief of police's work hours or is this under the direct control of the elected chief of police?
The chief of police, as an elected official, is not required to establish specific working hours, but serves on a full-time basis. See Attorney General Opinion 97-431.
We hope the foregoing is helpful to you. Should you require further assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
Date Received: Date Released: January 6, 1999
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL