Dear Chief Breland:
This office is in receipt of your request for an opinion of the Attorney General in regard to the authority of the elected Chief of Police. You ask the following questions:
 1. Does the Elected Chief of Police have the authority to terminate or not to renew the commission of a Police Officer that is currently employed by the Town?
 2. Should the Town Council have authority over the Police Officer's commission, since the officer is hired by the council and not by the Chief of Police?
 3. Should there be an expiration date on the officer's commission?
 4. My understanding is that as long as the council does not terminate the officer, his commission is still valid.
In Atty. Gen. Op. 01-329 this office observed in regard to a Lawrason Act municipality that in accordance with R.S. 33:423 an elected chief of police "shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel." This office observed that "the chief of police does not have the unilateral authority to hire and fire police personnel" relying upon Thibodeau v. Hernandez,702 So.2d 1157 (La.App. 3rd Cir. 1997) wherein the court recognized that the Lawrason Act does not grant elected Chiefs of Police the authority to hire or fire personnel. Also, in the opinion in response to the request from the elected Chief of Police this office concluded, "Thus, while the mayor and board of aldermen must hire from your recommendation, the final authority for filling these positions (or discharging from these positions) rests with the governing authority."
Following earlier opinions of this office, in response to your question whether the elected Chief of Police has authority to terminate or not to renew the commission of a police officer currently employed by the town, we must concluded that he does not.
However, in response to your second question, we find the Town Council does not have sole authority over the police officer's commission insofar as they cannot act without the recommendation of the elected Chief of Police as to hiring and firing. This office observed in Atty. Gen. Op. 77-376 as follows:
 A 1976 Attorney General's opinion (76-156) concluded that the mayor and board of aldermen have the duty and responsibility of hiring and firing employees of the municipality; however, as respects the appointment of police personnel, the mayor and board of aldermen may only appoint those individuals formally recommended by the duly elected chief of police. The appointment of a police officer without the recommendation of the elected chief of police would be null and void.
Moreover, in Atty. Gen. Op. 98-460 this office related to you that it had rendered numerous opinions holding that an elected chief of police has control over the administration of his department in a Lawrason Act municipality, and the chief of police is the final authority in the day-to-day operation of his office and equipment, and the governing authority cannot revoke or impair the inherent power of an elected chief of police. However, this office then stated, "Again, note that the board of aldermen hire and fire police personnel subject to your mandatory recommendation."
Because of the requirement that the discharge of a police officer in a Lawrason Act municipality can only be effectuated by the governing authority after a recommendation of the Chief of Police, there cannot be an expiration date on the officer's commission. This office has determined the Mayor of a Lawrason Act municipality, as the chief executive officer, has the authority to sign commission cards, Atty. Gen. Ops. 96-199, 93-446,93-49, and as stated hereinabove, the expiration can only take place when there is both a recommendation for termination by the Chief of Police agreed to thereafter by the governing authority.
However, in regard to the issuance of commissions and expiration, attention should be given to R.S. 40:2405. This requires "any person who begins employment as a peace officer in Louisiana subsequent to January 1, 1986, must successfully complete a certified training program approved by the council (Council on Peace Officer Standards and Training)", and those employed as a peace officer, reserve officer, or part-time peace officer prior to July 1, 1998 who had not completed a basic firearms training program shall do so no later that August 1, 1999.
This statute further provides that peace officers employed after January 1, 1998 shall satisfactorily complete a basic firearms training program prescribed by the council within one year from the date of initial employment, and any person who does not comply shall be prohibited from exercising the authority of a peace officer, reserve peace officer, or part-time peace officer. However, peace officers employed after January 1, 1986 in villages of one thousand or less shall have a period of two years to comply, but if the village is unable to provide the training funds, a peace officer of such village shall not be prevented from continuing his duties.
Consistent with the conclusions stated herein and compliance with the training requirements, we agree with your statement that as long as the council does not terminate an officer, his commission is still valid, and the council cannot terminate the officer without a recommendation for dismissal by the elected chief of police.
We hope this sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: October 18, 2002