J^FITZSIMMONS, J.
The City of Gabriel (City) appeals the grant of a summary judgment in favor of Michael Grant (Grant), declaring Grant wrongfully terminated on May 25, 2002. Following a review of the facts and law, this court affirms.
Grant was hired as a law enforcement peace officer for the St. Gabriel Police Department on May 17, 2001. His qualifications for the position of a peace officer were subject to the statutory requisites of La. R.S. 40:2405. That provision states in pertinent part:
A. (1) Notwithstanding any other provision to the contrary, any person who begins employment as a peace officer in Louisiana subsequent to January 1, 1986, must successfully complete a certified training program approved by the council and successfully pass a council-approved comprehensive examination within one calendar year from the date of initial employment. Any person who fails to comply with this requirement shall be prohibited from exercising the authority of a peace officer; however, such persons shall not be prohibited from performing administrative duties. (Emphasis added.)[1]
As of May 23, 2002, Grant had not satisfied the requirements of the mandatory training program. The chief of police of St. Gabriel recommended that Grant be placed in an administrative position until his completion of the training. The city council of St. Gabriel (Council) voted unanimously to terminate Grant’s employment.
At issue in this .appeal is the degree to which La. R.S. 33:423, entitled “Duties of marshal”, impedes the authority of the council to deny Grant an administrative position. Pursuant to an excerpt from La. R.S. 33:423 A, the “marshal shall be the chief of police and shall be ex officio a constable.... [H]e shall make recommen *544 dations to the mayor and board of aider-men for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and |3for dismissal of police personnel... .”[2] The recent first circuit case, Lee v. Grimmer, 99-2196 (La.App. 1 Cir. 12/22/00), 775 So.2d 1223, involved a termination of a police officer by the board of aldermen without a formal recommendation by the chief of police.[3] In Lee, this court reviewed the legislative evolution of the municipal arm of authority empowered to dismiss police personnel. It was observed that prior to the amendments of La. R.S. 33:401 and 33:402 in 1985, the mayor and board of aldermen had been explicitly vested with the power to remove police employees for misconduct or neglect of duty pursuant to La. R.S. 33:401 A(31). Additionally, prior to a 1990 amendment to La. R.S. 33:423, the marshal had not been statutorily enabled with the power to make recommendations to the mayor and board of aldermen for the promotion, discipline, and dismissal of police employees.[4] Scrutinizing the current version of La. R.S. 33:423, this court interpreted the word “shall” as “mandating a recommendation by the chief of police as a prerequisite to action by the mayor and board of aldermen with respect to the termination of police personnel.” Lee, 99-2196 at p. 7, 775 So.2d at 1228.
In another previous case, Thibodeaux v. Hernandez, 97-602 (La.App. 3 Cir.10/29/97), 702 So.2d 1157, the third circuit addressed a comparable dismissal. Thibo-deaux was terminated by the board of aldermen for his failure to attend the police academy, notwithstanding the refusal of the chief of police to make a recommendation for Thibodeaux’s dismissal. The court held that the board of alderman and mayor lacked the authority to unilaterally terminate Officer Thibodeaux’s employment without the contingent recommendation of the chief of police. Thibodeaux, 97-602, at p. 6, 702 So.2d at 1159. The board of aldermen ]4was thus precluded from disciplining or dismissing the officer in the absence of a recommendation made by the chief of police.
The facts surrounding the instant termination of Grant contain a factual distinction because the St. Gabriel chief of police recommended a transfer to an administrative position. See La. R.S. 40:2405. The City responded that there existed no budgeted position for an officer whose role would be limited to administrative duties. Specifically, the allocation of positions for officers in the 2002-2003 St. Gabriel budget was reduced from seven to six officers, and no new position was created for an administrative officer.
We recognize the council’s duty, as the governing authority in the operation of the municipality, to adopt a viable monetary budget. See La. R.S. 39:1301 — 39:1315. A recommendation by the chief of police to create new peace officer positions without adequate funding in the budget would contravene and impinge on the public duty and fiscal responsibility of the council to legislate a sound budget. Nor do we interpret the provisions of La. R.S. 33:423 to extend such unchecked power to the chief of police. However, in the instant case, the termination of Grant is based on the peace officer’s failure to complete the mandatory training course. In such a circumstance, where the employee’s position has already been established and the officer has assumed employee status within the *545 department, the state legislature has expressly vested the authority and discretion in the chief of police to transfer the peace officer to administrative duties. It has, moreover, divested the council of its authority to terminate a police officer without the prior recommendation of the chief of police. As such, the council exceeded its authority when it ignored the recommendation of the chief of police and unilaterally terminated Grant.
IsThe judgment of the trial court is affirmed. Costs in the sum of $1,853.92 are assessed to the City of St. Gabriel.
AFFIRMED.
PETTIGREW, J., Dissents, and Assigns Reasons.

. Louisiana Revised Statute 40:2405 was amended by Acts 2001, 2nd Ex.Sess., No. 8, § 2, eff. Oct. 16, 2001. Section A remained unchanged.

. It is not disputed that St. Gabriel qualifies as a municipality governed by the provisions of La. R.S. 33:321 etseq.

. After the proceeding had begun, the chief of police recommended a suspension.

. 1990 La. Acts, No. 568, § 1.