Dear Chief Dale:
This office is in receipt of your request for an opinion of the Attorney General in regard to a civilian employee of the Harahan Police Department. You ask whether this civilian employee falls under the rules of the City of Harahan (Ordinance 1316) or the rules of the Harahan Police Department even though he is not a civil service employee, and you also question if this employee is permitted to earn compensatory time for hours worked over the regular work week.
In this matter you set forth the following:
 1. The City of Harahan is governed by the Lawrason Act. The Harahan Police Department employees are governed by the LA State Fire and Police Civil Service Board Rules, the Harahan Civil Service Rules, and the Rules and Regulations of the Harahan Police Department. As the elected Chief of Police of the City of Harahan and the Appointing Authority for the Harahan Police Department, I feel that a civil employee hired by me, whose salary is paid out of my budget, falls under the Rules and Regulations of the Harahan Police Department and not the City of Harahan Rules and Procedures.
 2. A copy of Ordinance 1316 (Personnel Manual for City Employees is attached.
 3. This ordinance makes reference to employees of City Hall, the Maintenance Department and the Recreation Department. It does not make any reference to the employees (whether civilian or civil service) of the Harahan Police Department. The police department is omitted from any reference in Ordinance 1316, the Rules and Procedures of Harahan.
 4. I hired the civilian employee. Neither the mayor nor the city council had to approve the hiring.
 5. The City of Harahan prohibits their employees (City Hall, Maintenance Dept. and Recreation Department) from earning compensatory time. The Harahan Police Department approves the earning of comp time after the regular work schedule is concluded. The Harahan Police Department also approves overtime being paid after the regular work week is concluded, however, the budgetary restraints prohibits monetary payment for hours worked over the regular work week all the time, thus compensatory time.
In Atty. Gen. Op. No. 98-460 this office answered questions regarding authority of an elected chief of police and his municipal governing authority. Therein this office pointed out that the court observed in Thibodeaux v. Hernandez,702 So. 2d 1157 (La.App 1997), that while R.S. 33:362(A)(1) and (3) empowers the board of aldermen to provide by ordinance policies and procedures "regulating the employment of municipal employees including the hiring and firing of such employees", the statute "fails to mention police officers."
It was further observed therein that an elected chief of police has control over the administration of his department in a Lawrason Act municipality, and is the final authority in the day-to-day operation of his office and equipment. The governing authority cannot revoke or impair the inherent powers of an elected chief of police to supervise the operation of the police department and assign its personnel and control its equipment.
Moreover, R.S. 33:423.2, City of Harahan; appointment and discharge of police personnel by chief of police, provides as follows:
 Notwithstanding the provisions of R.S. 33:402(4) or R.S. 33:423 or any other provisions of law to the contrary, in and for the city of Harahan, the chief of police shall appoint and discharge police personnel subject to the budgetary limitations of the mayor and board of aldermen pertaining to the number of allotted positions for the police department.
Therefore, it would appear, except for budgetary limitations, the Chief of Police for Harahan supervises the operation of his department and personnel, and we would conclude a civil employee of the Department would fall under the Rules and Regulations of the Harahan Police Department and not the City of Harahan Rules and Procedures.
Insofar as whether the police employee is permitted to earn compensatory time for hours worked over the regular work week inasmuch as the City prohibits their employees from earning compensatory time, we find your rules would control; and as we understand your comments, while the Police Department allows for overtime hours worked over the regular work week, the budgetary restraints prohibits this in monetary payment. Thus, for the overtime, compensatory time is allowed.
We hope this sufficiently answers your request, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 Charles C. Foti, Jr. Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General