Dear Chief Bonner:
You advise this office that the Town of Sterlington is incorporated under the provisions of the Lawrason Act, R.S. 33:321, et seq. The town has an elected chief of police, and is governed by a mayor and board of aldermen. You specifically ask whether the board of aldermen may "cut the pay of any police officer they choose, regardless of seniority or work performance?" We conclude it is within the authority of the Town of Sterlington to set, increase, or decrease the amount paid Sterlington police officers as salary, within the limitations of the law, as discussed herein.
I. Because the Town of Sterlington does not meet populationrequirements, town police officers are not covered by civil service law,nor are they entitled to mandatory salary minimums set by statute
Out the outset, note that policemen employed in municipalities with a population between 7,000 and 13,000 citizens must be afforded civil service protection under R.S. 33:2531, et seq.[1] The Town of Sterlington has a population of 1,276 *Page 2 
according to the United States Census for 2000.[2] Because Sterlington has a population far below the required minimum for mandatory civil service designation, Sterlington police officers are not civil service employees. These police officers are not afforded any statutory protection from reduction of their salaries based on seniority or ranking which might otherwise be available to police officers in the civil service.
Further, R.S. 33:2212.1, which establishes mandatory minimum salary levels for police officers in municipalities having populations not less than seven thousand nor more than twelve thousand, is inapplicable to the Town of Sterlington because of the population requirements. No state law compels the Town of Sterlington to pay a set minimum amount as salary to those police officers the town employs. See R.S. 33:2212.1[3]
 II. Sterlington police officers are hired and fired according to thoseemployment policies established by municipal ordinance
In a Lawrason Act municipality, pursuant to R.S. 33:404(A)(3), the mayor has the power "to appoint and remove municipal employees, otherthan the employees of a police department with an elected chief ofpolice". Rather, in a Lawrason Act municipality such as the Town of Sterlington, the actual authority to hire and fire police personnel is vested in the mayor and the board of aldermen, pursuant to R.S.33:362(A)(3) stating that "subject to law. . . . .and applicable civil service rules and regulations, the board of aldermen shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees". Hiring and firing of police personnel *Page 3 
remains within the authority of the governing body, despite the somewhat contradictory language of R.S. 33:423, which provides that an elected chief of police "shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel".
The recommendation requirement of R.S. 33:423, and whether or not a local governing authority could proceed to hire or fire police officers without the approval of an elected chief of police, are issues which have been much discussed in previous opinions issued by this office. The Louisiana Supreme Court resolved the controversy in Grant vs. Grace, 2003-2021, 870 So.2d 1011 (La. 4/14/2004), determining that "a `recommendation' is merely advice which need not be followed", and that the recommendation requirement of R.S. 33:423 "is a duty of the police chief and, therefore, is burdened upon the police chief, not upon the municipality. R.S. 33:423 in no way mandates that the municipality adopt, in whole or in part, the recommendation of the chief of police." See Grant at 1016.
The Court in Grant specifically overruled the holdings in Thibodeauxv. Hernandez, 97-602, 702 So.2d 1157 (La.App. 3rd Cir. 10/29/1997) andLee v. Grimmer, 1999-2196, 775 So.2d 1223 (La.App. 1st Cir. 12/22/2000); these cases had provided for the specific recommendation of termination by the chief of police as a prerequisite to the board's ability to terminate peace officers. Grant at 1017.
The Grant decision did, however, confirm that prior to making police employment decisions in the absence of civil service requirements, a board of aldermen must allow the elected chief of police "to make recommendations before the municipality acts . . . ". The Court explained further, however, that "the municipality need not adopt such recommendation and may, after the recommendation, take its own action . . . ". Grant, 870 So.2d at 1016-1017.
Since the chief of police does not hire or fire the police officers, but can only recommend individuals for hiring or firing, the mayor and board of aldermen control the number of police officers employed by the town.[4] The mayor and board of aldermen, by municipal ordinance, establish policies concerning the hiring and firing of police officers. Because R.S. 33:423 requires an elected chief of police to "perform all other duties required of him by ordinance", he must adhere to those employment policies pertaining to police officers as established by ordinance. There is no statutory authority for the police chief of the Town of Sterlington to make personnel decisions independent of the mayor and board of aldermen. *Page 4 
 III. Sterlington police officers are paid salaries as adopted in theannual budget ordinance by the mayor and board of aldermen
Pursuant to R.S. 33:404(A)(5), [5] the mayor is required to submit to the board of aldermen an annual operations budget, prepared in accordance with the Local Government Budget Act, R.S. 39:1301, et seq. The budget submitted by the mayor is approved by the board of aldermen in the form of a budget ordinance. See R.S. 33:406(A)(3).[6]
The budget ordinance must include the amount of funds allocated the police department during a fiscal year, as R.S. 39:1305(C)(2) requires that the budget document set forth the "recommended expenditures itemized by agency, department, function, and character". An amount allocated for salaries of police personnel, as an expenditure of the police department, should be indicated and designated as a line item[7] in the budget ordinance. See Opinions 05-0096, 94-313, and 87-682.
IV. Salaries paid Sterlington police officers may be changed byamendment to the budget ordinance
R.S. 39:1309 (A) states that "all action necessary to adopt and otherwise finalize and implement the budget for a fiscal year shall be taken in open meeting and completed before the end of the prior fiscal year. .". However, pursuant to R.S. 39:1310, the mayor and board of aldermen may amend the budget ordinance "where there has been a change in operations upon which the original adopted budget was developed". Such an amendment must be accomplished according to the provisions of R.S. 39:1310 and in compliance with the provisions of the Open Meetings Law, R.S. 42:4.1, et seq. *Page 5 
Any budget amendment reducing the salaries of Sterlington police officers as set forth in the original budget ordinance must comply with R.S. 33:3910, stating "the governing authority shall adopt a budget amendment in an open meeting to reflect such change". R.S. 33:406(B)(3) further states "each proposed amendment to an ordinance shall be presented in writing or reduced to writing before its final consideration . . . " in an open meeting of the board of aldermen. Finally, R.S.33:406(B)(2) states "no ordinance. . . . shall be adopted until a public hearing on it has been held".
Numerous opinions of this office have acknowledged that the board of aldermen may decrease the funds originally budgeted to the police department. "Setting the budget or amending the budget may result in the salaries of police officers being changed"; see Opinion 97-393; ". . . . the mayor and board of aldermen have the statutory authority to amend the budget, thereby effecting, should circumstances warrant, a reduction in the police department budget"; see Opinion 94-313; " . . . by setting the budget or amending the budget it may result in the existing salaries of the police officers being changed by the action of the governing authority"; see Opinion 95-275; " . . . thus, in the event a budget amendment is proposed and adopted pursuant to R.S. 39:1309 and 1310, the Mayor and Council may decrease the funds originally budgeted to [the police department]"; see Opinion 93-666.
Thus, the Town of Sterlington, by setting the budget or amending the budget, may change the existing salaries of municipal police officers.
V. The Town of Sterlington must pay those police officers' salaries asadopted in the budget ordinance until the budget ordinance is amended
Where there is a valid municipal appropriation for a budget item for the police department, there is no authority for the mayor or aldermen to interfere with the expenditure when properly sought by warrant pursuant to R.S. 33:462.[8] There is no discretion on the part of the Board of Aldermen to impede the expenditure of a valid expense within the budget appropriated for the police department. See Opinion 90-612.
In this instance, a refusal by the Town of Sterlington to pay a police officer's salary, as part of the budget appropriated to the police department, would constitute an impermissible infringement on the inherent powers of an elected *Page 6 
chief of police.[9] This office has relied upon Doyle v. City ofHarahan, 610 So.2d 272 (La. App 5th Cir. 1992) for the conclusion that once the mayor and aldermen "have budgeted and appropriated money" for the police department, the elected chief of police has operational control over the expenditures of his department within the line item perimeters of his budget. See Opinion 93-666.
VII. R.S. 33:404.1 is not authority for the Town of Sterlington toreduce the salaries paid police officers
In your letter to this office, you ask if R.S. 33:404.1 gives the board of aldermen the authority to reduce the salaries paid certain police officers. That statute provides:
 404.1. Compensation of municipal officers
 The board of aldermen shall by ordinance fix the compensation of the mayor, aldermen, clerk, chief of police, and all other municipal officers. The board of aldermen may by ordinance increase or decrease their compensation and the compensation of any nonelected municipal officer and may increase the compensation of other elected officials. However, the board of aldermen shall not reduce the compensation of any elected official during the term for which he is elected.
R.S. 33:404.1 pertains to the compensation paid municipal officers. The definition of "municipal officer" in a Lawrason Act municipality is provided by R.S. 33:381 (A), which states that "the officers of every municipality shall be a mayor, aldermen, a chief of police, a tax collector, and a clerk." A police officer is considered a municipal employee, and is not included within the definition of a "municipal officer" under R.S. 33:381. For this reason, R.S. 33:404.1 has no relevance to the compensation paid police officers and is not dispositive of your question. *Page 7 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
Cc: Mayor Vern Breland Town of Sterlington 503 Highway 2 Sterlington, LA 71280
[1] R.S. 33:2531 provides:
 Mandatory civil service in certain municipalities, parishes and districts Permanent appointments and promotions for paid firemen and policemen in the classified civil service as enumerated herein in all municipalities having a population of not less than seven thousand and not more than thirteen thousand, according to the last preceding decennial census of the United States for which the final report of population returns have been printed, published and distributed by the director of the census or according to a special census authorized by R.S. 1:11.1 subject to the approval of the local governing authority and verified by the state treasurer if said special census is later, and in all parishes and fire protection districts, shall be made only after certification pursuant to a general system based upon merit, efficiency and fitness, under which certificates shall be based on examinations which, so far as practical, shall be competitive, and all employees in the classified service shall be employed from those eligible under such certification.
[2] See the U.S. Census Bureau website, http://www.census.gov.
[3] R.S. 33:2212.1 provides:
 Minimum salaries; municipalities between seven and twelve thousand population
 A. Except as otherwise provided by law, the governing body of each municipality having a population of not less than seven thousand nor more than twelve shall pay each employee of its police department a salary of not less than the minimum rate of pay established in accordance with the grades, ranks or classes of positions as provided in this Section.
 B. The minimum monthly salary to be paid any full time employee of a police department shall be three hundred dollars, and for officers of the grades listed below shall be as hereinafter set forth:
 (1) Each employee of the police department employed in the position, grade or class of sergeant, not less than three hundred and thirty dollars per month.
 (2) Each employee of the police department employed in the position, grade or class of lieutenant, not less than three hundred and forty-five dollars per month.
 (3) Each employee of the police department employed in the position, grade or class of captain, not less than three hundred and seventy-five dollars per month.
 (4) Each employee of the police department employed in the position, grade or class of major, not less than four hundred and five dollars per month.
 (5) Each employee of the police department employed in the position, grade or class of assistant chief of police, not less than four hundred and twenty dollars per month.
[4] In accord are Opinions 97-393 and 95-275.
[5] R.S. 33:404(A)(5) states:
 A. The mayor shall have the following powers, duties, and responsibilities. . . . (5) To prepare and submit an annual operations budget and a capital improvements budget for the municipality to the board of aldermen in accordance with the provisions of R.S. 39:1301 et seq. and any other supplementary laws or ordinances.
[6] R.S. 33:406(A)(3) states, in pertinent part: "Any act of the board which would provide for the appropriation of funds, the incurrence of debt, or the issuance of bonds or other evidences of indebtedness shall be by ordinance. . . . ."
[7] A line item is "a sum of money dedicated to a specific purpose, a separate fiscal unit." Henry v. Edwards, 346 So.2d 153, 157 (La. 1977). In further explanation, this office has stated a "line item is a sum of money dedicated to a specific purpose in a duly adopted budget, and those monies which have been approved by the council for certain budgetary items are to be used for that which they were appropriated, and cannot be used for non-related items". See Opinion 01-280.
[8] R.S. 33:462 states:
 Expenditures pursuant to appropriation; warrants All expenditures of money for any purpose whatever shall be in pursuance of a specific appropriation made by order and in no other manner and shall be made in accordance with the provisions of R.S. 38:2211 et seq. Every warrant drawn on the treasury shall express on its face to whom issued and for what purpose allowed; and the ordinance authorizing its issue shall be cited by minute book and page, in or upon it.
[9] There are numerous opinions of this office (see Opinions 97-303, 94-313, 93-666, 93-446, 87-682) that are founded upon the jurisprudence of this state, Lentini vs. City of Kenner, 211 So.2d 311 (La. 1968),Cogswell vs. Town of Logansport, 321 So.2d 774 (La.App. 2d. Cir. 1975), that the governing authority of a Lawrason Act community cannot revoke or impair the inherent powers of an elected chief of police. These powers have been defined "as the power to supervise the operation of the police department and assign its personnel and control its equipment."