Dear Mayor Breland:
You advise this office that the Town of Sterlington is a Lawrason Act municipality, governed by the provisions of R.S. 33:321, et seq. Because your question concerns the potential firing of a municipal police officer, we note that the Town of Sterlington is not subject to fire and police civil service law regarding the discharge of police officers as provided in R.S. 33:2531[1], et seq., because the town does not meet the population requirements imposed by law.[2]
In your letter to this office you state that Mr. Vince Hodnett is employed by the town as a police officer. Recent allegations of misconduct made against Mr. Hodnett prompted the chief of police to place Mr. Hodnett on paid administrative leave pending an investigation. At the conclusion of the investigation, the town attorney advised that no criminal act had been committed by Mr. Hodnett. Further, the chief of police recommends that Mr. Hodnett retain his employment with the town.
You specifically ask: (1) if the town incurs any liability for paying Mr. Hodnett's salary while on administrative leave, and (2) whether or not the town may *Page 2 
proceed to terminate Mr. Hodnett despite the contrary recommendation of the chief of police?
In response to your first question, it is permissible to place a police officer on administrative leave with pay while under investigation.[3]
In Opinion 00-0254, this office concluded that absent municipal ordinances or civil service rules to the contrary, no state law prohibits placing a police department employee on administrative leave with pay while under investigation. See Opinion 00-0254, copy attached.
In response to your second question, we note that pursuant to R.S.33:423, an elected chief of police "shall make recommendations to the mayor and board of aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel." While it is mandatory under R.S. 33:423 for the chief of police to make a recommendation regarding a police officer's retention or termination, the police chief's approval of a retention or termination is not required for a municipality to proceed to retain or discharge a police officer.
In the Louisiana Supreme Court case of Grant vs. Grace, 870 So.2d 1011
(La. 2004), the city council of St. Gabriel voted to terminate a city police officer, contrary to the recommendation of the chief of police. The police officer brought suit against the city council, alleging he was wrongfully terminated because the city council had not acted in accordance with the chief of police's recommendation under R.S. 33:423. Rejecting this interpretation of R.S. 33:423, the Court stated:
 Plaintiff argues that the R.S. 33:423 `clearly states that a municipality cannot terminate law enforcement personnel whose chief of police is elected without his recommendation.' Plaintiff, citing Lee v. Grimmer, 775 So.2d 1223 (La.App. 1st Cir. 2000) and Thibodeaux v. Hernandez, 702 So.2d 1157 (La.App. 3rd. Cir. 1997), strains to further assert that the police chief's `approval' of a municipality's termination is necessary for a municipality to act under R.S. 33:423. 
 These arguments are simply untenable and do not jibe with the overall meaning of the statutes when they are read together. Plainly, under R.S. 33:423, it is mandatory that the chief of police make a recommendation to the mayor or board of aldermen for the `appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel.' The *Page 3 
word recommendation `refers to an action which is advisory in nature than one having binding effect.' Black's Law Dictionary, 626 (5th Ed. 1979).
 The court of appeal's determination that the council exceeded its authority when it `ignored the recommendation of the chief of police and unilaterally terminated Grant' was incorrect. We reiterate, a `recommendation' is merely advice which need not be followed. Inherent in the advisory position of any advocate is the option of the receiving party to comply with or reject the recommendation. Furthermore, we note that the recommendation requirement of R.S. 33:423 is a duty of the police chief and, therefore, is burdened upon the police chief, not upon the municipality. R.S. 33:423 no way mandates that the municipality adopt, in whole or in part, the recommendation of the chief of police. . . .the Council listened to the Chief of Police's opinion as to Plaintiff, took his recommendation under advisement, and, after consideration, decided to not adopt it.
 While we find that the police chief is to be allowed to make recommendations before the municipality acts, and indeed must do so under R.S. 33:423, we reject the holdings of Lee v. Grimmer and Thibodeaux v. Hernandez which have provided that the specific recommendation of termination or approval of the police chief is a prerequisite to the municipality's ability to terminate peace officers. This would mandate that the municipality merely `rubberstamp' all employment decisions made by the police chief and would render the recommendation requirement of R.S. 33:423
[sic] useless step to be taken by both the Chief of Police and the municipality.
Pursuant to the holding of the Louisiana Supreme Court in Grant, the Town of Sterlington may reject the chief of police's recommendation, and may proceed to terminate Mr. Hodnett from his employment. Finally, we suggest that you contact your district attorney regarding any additional questions which you and the board of aldermen have concerning allegations of criminal misconduct by Mr. Hodnett.
 Very truly yours, JAMES D. "BUDDY' CALDWELL ATTORNEY GENERAL BY: KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
[1] R.S. 33:2531 provides:
Mandatory civil service in certain municipalities, parishes anddistricts
 Permanent appointments and promotions for paid firemen and policemen in the classified civil service as enumerated herein in all municipalities having a population of not less than seven thousand and not more than thirteen thousand, according to the last preceding decennial census of the United States for which the final report of population returns have been printed, published and distributed by the director of the census or according to a special census authorized by R.S. 1:11.1 subject to the approval of the local governing authority and verified by the state treasurer if said special census is later, and in all parishes and fire protection districts, shall be made only after certification pursuant to a general system based upon merit, efficiency and fitness, under which certificates shall be based on examinations which, so far as practical, shall be competitive, and all employees in the classified service shall be employed from those eligible under such certification.
[2] The Town of Sterlington has a population of 1,276 according to the United States Census for 2000, below the minimum of 7,000 required by R.S. 33:2531.
[3] Indeed, law enforcement officers are granted certain minimum statutory rights while under investigation. See R.S. 40:2531.