Dear Chief Gales:
You advise this office that you are the elected chief of police for the Town of Newellton, a municipality governed by the provisions of the Lawrason Act, La.R.S. 42:61, et seq. You ask the following two questions: (1) who has the authority to hire and fire police department personnel, and (2) can the mayor protempore sign payroll checks in the absence of the mayor?
In response to your first question, we first note that the mayor has the authority to "to appoint and remove municipal employees,other than the employees of a police department with an electedchief of police". See La.R.S. 33:404(A)(3). The mayor, acting alone, does not have the power to appoint or remove the employees of a police department with an elected chief of police.
Pursuant to La.R.S. 33:362(A)(3) the board of aldermen, "subject to law. . . . and applicable civil service rules and regulations, the board of aldermen shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees." Hence, the board of aldermen establishes the policies and procedures regulating the employment of municipal employees to which the mayor and chief of police must adhere. See La. Atty. Gen. Op. 06-0008.
In a Lawrason Act municipality such as the Town of Newellton, the actual authority to hire and fire police personnel rests with the board of aldermen, pursuant to La.R.S. 33:362(A)(3), quoted above. This is so despite the somewhat contradictory language of La.R.S. 33:423, which provides that an elected chief of police "shall make recommendations to the mayor and board of *Page 2 
aldermen for the appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel."
The recommendation requirement of La.R.S. 33:423, and whether or not a local governing authority could proceed to hire or fire police officers without the approval of an elected chief of police, are issues which have been much discussed in previous opinions issued by this office. The Louisiana Supreme Court resolved the controversy inGrant vs. Grace, 2003-2021, 870 So.2d 1011 (La. 4/14/2004), determining that "a `recommendation' is merely advice which need not be followed", and that the recommendation requirement of R.S. 33:423 "is a duty of the police chief and, therefore, is burdened upon the police chief, not upon the municipality. R.S. 33:423 in no way mandates that the municipality adopt, in whole or part, the recommendation of the chief of police." See Grant at 1016.
The Court in Grant specifically overruled the holdings inThibodeaux v. Hernandez, 97-602, 702 So.2d 1157 (La. App. 3rd. Cir. 10/29/1997) and Lee v. Grimmer, 1999-2196, 775 So.2d 1223 (La. App. 1st
Cir. 12/22/2000). These cases had required the specific recommendation of termination by the chief of police as a prerequisite to the board's ability to terminate police officers.Grant at 1017.
The Grant decision did confirm that prior to making police employment decisions in the absence of civil service requirements, a board of aldermen must allow the elected chief of police "to make recommendations before the municipality acts . . .". The Court explained further, however, that "the municipality need not adopt such recommendation and may, after the recommendation, take its own action . . .". Grant, 870 So.2d at 1016-1017.
Pursuant to the decision of the Court in Grant, the chief of police does not hire or fire the police officers, but can only recommend individuals for hiring or firing. As discussed inGrant, we advise you may not hire and fire police department personnel in contradiction of the decision of the board of aldermen. These decisions are ultimately within the power of the governing authority of the Town of Newellton to make, as discussed inGrant.
In response to your second question, we note that La.R.S. 33:404(A)(8) grants the authority "to sign warrants drawn on the treasury for money" to the mayor. Thus, La.R.S. 33:404(A)(8) vests authority for signing payroll checks within the mayor as the executive officer and administrator of the municipality.
Under La.R.S. 33:405(3), however, the individual who is selected as mayor pro tempore "shall have the same power, and perform all duties of the mayor in the absence or disability of the mayor, except the veto power of the mayor." *Page 3 
Because La.R.S. 33:405(3) grants the mayor pro tempore the "same power" of the mayor in his absence, and further requires themayor pro tempore to "perform all the duties of the mayor" in his absence, we advise you that it is the opinion of this office that the mayor pro tempore is authorized to sign municipal payroll checks, in the mayor's absence.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
 Mayor Alex Davis Town of Newellton P.O. Box 477 Newellton, LA 71357-0477
 Mr. Edwin Britt Mayor Pro Tempore P.O. Box 477 Newellton, LA 71357-0477