Dear Chief Burns: You advise this office that the Village of Simpson is a Lawrason Act municipality, governed by the provisions of La.R.S. 33:321, et seq. Because your question concerns the dismissal of police department personnel, we first note that Village police officers are not afforded the protection of the civil service laws regarding dismissal because the Village of Simpson does not meet the population requirements for the establishment of civil service. See La.R.S. 33:2531, et seq.[1]
You advise that the Mayor and Board of Aldermen of the Village have recently dismissed an auxiliary police officer. You ask if you can reinstate this auxiliary officer, given that he was dismissed contrary to your recommendation. In a Lawrason Act municipality such as the Village of Simpson, the authority to hire and fire police personnel is vested in the mayor and the board of aldermen, under La.R.S. 33:362(A)(3), which provides "subject to law. . . . and applicable civil service rules and regulations, the board of aldermen shall, by ordinance, provide policies and procedures regulating the employment of municipal employees including the hiring and firing of such employees." All employees of the police department, including part-time and auxiliary officers, are included in the term "police personnel." See
La. Atty. Gen. Ops. 00-113 and 99-48.
Hiring and firing police personnel remains within the authority of the municipal governing body, despite the language of La.R.S. 33:423, which provides that an elected chief of police "shall make recommendations to the mayor and board of *Page 2 
aldermen for appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for dismissal of police personnel."
The recommendation requirement of La.R.S. 33:423, and whether or not a local governing authority could proceed to hire or fire police officers without the approval of an elected chief of police, is an issue much discussed in the jurisprudence and in previous opinions issued by this office. The Louisiana Supreme Court resolved the controversy in Grant vs. Grace, 2003-2021, 870 So.2d 1011 (La. 4/14/2004), determining that "a `recommendation' is merely advice which need not be followed", and that the recommendation requirement of La.R.S. 33:423 "is a duty of the police chief and, therefore, is burdened upon the police chief, not upon the municipality. R.S. 33:423 in no way mandates that the municipality adopt, in whole or in part, the recommendation of the chief of police." See Grant, 870 So.2d at 1016.
The Court in Grant specifically overruled the holding inThibodeaux v. Hernandez, 97-602, 702 So.2d 1157 (La. App. 3rd Cir. 10/29/1997) and Lee v. Grimmer, 1999-2196, 775 So.2d 1223 (La. App. 1st
Cir. 12/22/2000); these cases had provided for the specific recommendation of termination by the chief of police as a prerequisite to the board's ability to terminate police officers.Grant, 870 So.2d at 1017.
The Court in Grant confirmed that prior to making police employment decisions, "the police chief is to be allowed to make recommendations before the municipality acts." Grant,870 So.2d at 1016. However, the Court rejected the argument that the "specific recommendation of termination or approval of the police chief is a prerequisite to the municipality's ability to terminate peace officers." Id. at 1017. The Court went on to explain that "the municipality need not adopt such recommendation and may, after the recommendation, take its own action . . ."Id. at 1017.
We advise that in the Village of Simpson, the Mayor and the Board of Aldermen have the sole authority to hire and fire police department employees, including auxiliary police officers. In your capacity as Chief of Police, you can recommend individuals for hiring or firing, but under the Grant decision, your recommendation can be rejected by the Village governing body. There is no authority for you to reinstate any officer once he is dismissed.
The legislature has enacted laws exempting certain cities, villages, and towns from the "recommendation" procedure provided by La.R.S. 33:423. These laws, which generally provide that the chief of police may appoint, discipline, and discharge police personnel (subject to the budgetary limitations of the mayor and *Page 3 
board of aldermen), do not apply to the Village of Simpson, although a similar law applicable to the Village could be enacted by the legislature.[2]
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] The Village of Simpson has a population of 583 residents according to the United States Census for 2000, below the minimum of 7,000 required by La.R.S. 33:2531 to establish civil service. See U.S. Census Bureau website, http://www.census.gov.
[2] See La.R.S. 33:423.2 (City of Harahan); La.R.S. 33:423.3 (City of Gretna); La.R.S. 33:423.4
(City of Ville Platte); La.R.S. 33:423.5 (City of Scott); La.R.S. 33:423.6 (City of Westwego); La.R.S. 33:423.7 (City of Patterson); La.R.S. 33:423.8 (City of Gonzales); La.R.S. 33:423.9 (City of Crowley); La.R.S. 33:423.10 (Village of Tickfaw); La.R.S. 33:423.12 (Town of lowa); La.R.S. 33:423.13
(Town of Grand Isle); La.R.S. 33:423.15 (City of Broussard); La.R.S. 33:423.16 (City of Carencro); La.R.S. 33:423.17
(City of Amite City); La.R.S. 33:423.18 (Town of Livingston); La.R.S. 33:423.19 (City of Ponchatoula).