Dear Chief Hunt:
You have requested an opinion of the Attorney General on several issues concerning the authority of the mayor and council for the Town of New Llano to hire and discipline police officers. Specifically, you want to know if the mayor and council can disregard the chief of police's recommendation when hiring a police officer. You also want to know if the mayor and council can suspend an officer for three days on a written complaint from another department concerning a speeding violation without the approval of the chief of police. You provided our office with the following factual information:
• At the February 23, 2010, Town of New Llano Council Meeting, a position for a full-time police officer needed to be filled. There were only three possible candidates on the list of available applicants. As chief of police, you advised the mayor and council of your recommendation as to who should be hired. The mayor and council rejected your recommendation and, instead, hired another applicant that had previously worked for the town's water department.
• At the same meeting, the mayor and council went into executive session and, then, suspended an officer for three days without approval from you based on a written complaint received from another department concerning a speeding violation.
In researching this matter, we reviewed the agenda and minutes for the February 23, 2010, council meeting. We also determined that the Town of New Llano is a Lawrason Act Municipality and that the chief of police is elected. As such, the Town of New Llano is governed by the provisions of La.R.S. 33:361, et seq., the Louisiana Constitution and other laws of this state. *Page 2 
We start our analysis by looking at La.R.S. 33:404 and La.R.S. 33:423
of the Lawrason Act. La.R.S. 33:404, which outlines the duties of the mayor, and La.R.S. 33:423, which outlines the duties of an elected chief of police, must be read together.
La.R.S. 33:404 provides in pertinent part that:
§ 404 Duties of mayor
A. The mayor shall have the following powers, duties, and responsibilities:
(1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of alderman and with applicable provisions of state law; however, no such ordinance may limit the authority granted the mayor by this Paragraph. All administrative staff shall be subordinate to the mayor.
. . . .
(3) Subject to applicable state law, ordinances, and civil service rules and regulations, to appoint and remove municipal employees, other than the employees of a police department with an elected chief of police.
(Emphasis added.)
The duties of an elected chief of police are set forth in La.R.S. 33:423, which provides that:
§ 423 Duties of marshal
A. The marshal shall be the chief of police and shall be ex officio a constable. He shall have general responsibility for law enforcement in the municipality, and shall be charged with the enforcement of all ordinances within the municipality and all applicable state laws. He shall perform all other duties required of him by ordinance. In those municipalities governed by the provisions of this Part, R.S. 33:321, et seq., which have a chief of police elected by the qualified voters thereof, he shall make recommendations to the mayor and board of alderman from appointment of police personnel, for the promotions of officers, to effect disciplinary action, and for dismissal of police personnel. Such nominations or recommendations are to be made regardless of race, color, disability, as defined in R.S. 51:2232(11), or creed. *Page 3 
(Emphasis added.)
The statutory language of La.R.S. 33:404, explicitly declines to enumerate the mayor's powers with regard to employees of police departments headed by an elected chief of police. The statutory language of La.R.S. 33:423, does not explicitly grant elected chiefs of police the authority to hire or fire personnel. Therefore, neither the mayor nor, generally, the police chief has the sole power to appoint and remove employees of a police department.[1] Instead, La.R.S. 33:423 prescribes a procedure that first imposes a mandatory obligation on the chief of police to make a recommendation to the mayor and council with respect to personnel matters.
Previously, this office had interpreted the mandatory language of La.R.S. 33:423 to mean that the mayor and city council must follow whatever recommendation was made by the chief of police regarding employment matters. See Atty. Gen. Op. Nos. 01-07, 01-07A, 98-0241, 98-460, and 82-613. This conclusion was consistent with past jurisprudence of the First and Third Circuit Court of Appeal. SeeThibodeaux v. Hernandez, 97-602 (La.App. 3 Cir. 10/29/97), 702 So.2d 1157, and Lee v. Grimmer, 99-2196 (La.App. 1 Cir. 12/22/00), 775 So.2d 1223.
However, the Louisiana Supreme Court's decision in Grant v. Grace, etal., 03-2021 (La. 4/14/04), 870 So.2d 1011, expressly overruled theThibodeaux and Lee decisions, leaving the conclusions reached in our previous opinions on the subject in question. Thus, the more recent opinions of this office recognize that the Louisiana Supreme Court's pronouncement in Grant required this office to alter its position on the scope of authority of various segments of municipal government with respect to police personnel matters. See Atty. Gen. Op. Nos. 07-0048 and 05-0401.
In Grant, the plaintiff was a police officer for the St. Gabriel Police Department. The plaintiff did not complete his Police Officers Standards and Training Academy requirements within one year from the date of his employment. At a city council meeting to discuss disciplinary action against the plaintiff on this issue, the chief of police recommended that the plaintiff be assigned to an administrative position. The mayor and city council rejected the chief of police's recommendation and voted to terminate the plaintiff's employment with the St. Gabriel Police Department. Both the trial court and First Circuit Court of Appeal held that the mayor and city council could not terminate the plaintiff without the recommendation to terminate from the chief of police. On writs, the Supreme *Page 4 
Court reversed the lower courts and held that the mayor and city council have the authority to reject the recommendation of the chief of police on employment and disciplinary matters. In making this determination, the Supreme Court stated:
Plainly, under La.Rev.Stat. 33:423, it is mandatory that the chief of police make a recommendation to the mayor or board of alderman for the "appointment of police personnel, for the promotion of officers, to effect disciplinary action, and for the dismissal of police personnel." The word recommendation "refers to an action which is advisory in nature rather than one having any binding effect." BLACK'S LAW DICTIONARY 626 (5th ed. 1979).
While we find that the police chief is allowed to make recommendations before the municipality acts, and indeed must do so under La.Rev.State. 33:423, we reject the holdings of Lee v. Grimmer and Thibodeaux v. Hernandez which have provided that the specific recommendation of termination or approval of the police chief is a prerequisite to the municipality's ability to terminate peace officers. [footnote omitted] This would mandate that the municipality merely "rubberstamp" all employment decisions made by the police chief and would render the recommendation requirement of La.Rev.Stat. 33:423 [a] useless step to be taken by both the Chief of Police and the municipality.
Under La.Rev.Stat. 33:423, a police chief must make recommendations with respect to any of the employment actions enumerated therein to the municipality. However, the municipality need not adopt such recommendation and may, after the recommendation, take its own action as relates to the peace officer training and certification requirements set forth in La.Rev.Stat. 40:2405.
Grant dealt with the Louisiana Supreme Court's interpretation of La.R.S.33:423 and La.R.S. 40:2405. It is not clear that the Supreme Court analyzed or even looked at La.R.S. 33:404, which restricts the mayor's power when it comes to hiring employees of a police department with an elected police chief.
Still, in light of Grant, in response to your first question, it is the opinion of this office that the mayor and council are not required to follow the chief of police's recommendation when hiring a police officer. While the municipality is not bound by the chief of police's recommendation and may take its own action, the decision to not follow the chief of police's recommendation should be made in good faith. Clearly, the statutory scheme contemplates cooperation between the mayor, council and police chief with regard to personnel issues, and the police chiefs recommendation should be given great weight by the municipality. *Page 5 
Otherwise, the legislature would not have required the chief of police to make a recommendation with regard to police employment matters. Moreover, we observe that the legislature could have but did not include within the mayor's powers the authority to hire employees of a police department with an elected police chief. Instead, the legislature expressly excluded this power from the mayor.
In the Grant case, the Louisiana Supreme Court confirmed that prior to making police employment decisions, a mayor and board of alderman must allow the elected chief of police "to make recommendations before the municipality acts. . . ." See Grant, 870 So.2d at 1016. Therefore, in response to your second question, if the mayor and council went into executive session and suspended an officer for three days based on a written complaint received from another department concerning a speeding violation prior to soliciting or receiving a recommendation from you as police chief, their action would be premature and would also fail to acknowledge your prerogative to make a recommendation on the matter. If, as chief of police, you made a recommendation with regard to discipline and, after weighing your recommendation, the mayor and council rejected it and chose to take a different disciplinary action, in our opinion, there would be no violation of law.
Because La.R.S. 33:423(A) provides that the police chief "shall make recommendations to the mayor and board of alderman" on personnel matters, this duty is a mandatory one. Therefore, in a situation where the chief of police fails to make a recommendation for disciplinary actions, the mayor and council may file a suit seeking a writ of mandamus against the chief of police to compel him to make a recommendation pursuant to La.R.S. 33:423. But, without going through the courts or even giving the chief of police an opportunity to make a recommendation, the mayor and council cannot discipline on their own without a prior recommendation from the police chief.
We hope that this information sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
With Best Regards,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
By: _____________________ Angelique Duhon Freel Assistant Attorney General
JDC:ADF
[1] The legislature has excepted certain cities, villages, and towns from the "recommendation" procedure provided by La.R.S. 33:423. See
La.R.S. 33:423.2-33:423.13. These exceptions which generally provide that the chief of police may act directly with respect to police personnel, do not apply to the Town of New Llano.